| County Court, Fremont County, Colorado | |
|---|---|
| 136 Justice Center Road, Cañon City, Colorado 81212 Phone 719-269-0100 | DATE FILED: December 8, 2020 10:05 AM FILING ID: 59897F72F56D2 CASE NUMBER: 2020C30589 |
| SARAH GLENN, Plaintiff, vs. FLORENCE BREWING COMPANY LLC and HANS PRAHL, Defendants. | ▲ COURT USE ONLY ▲ |
| Daniel B. Slater 1415 Main Street, Suite A Cañon City, Colorado 81212 Phone 719-269-3315 dan@danslaterlaw.com Attorney Reg. # 30174 | Case Numbers: **2020 C _____** Division:   Courtroom: |
| **COMPLAINT** | |

COMES NOW, the Plaintiff, by and through her attorney, Daniel B. Slater, and hereby complains against the Defendants as indicated herein. In support of this Complaint, the Plaintiff states:

1. Plaintiff is a resident of Fremont County, Colorado, with an address of 174 Wilmoor Ct., Cañon City, CO 81212.

2. Defendant Florence Brewing Company LLC ("FBC") is a Colorado limited liability company with a principal office address of 200 S. Pikes Peak, Florence, CO 81226, located within Fremont County, Colorado. Its registered agent is Hans Tobin Prahl.

3. On information and belief, Hans Prahl ("Prahl") is the sole member of Defendant Florence Brewing Company LLC, and has an address of 718 W. 2nd St., Florence, CO 81226, in Fremont County, Colorado.

4. This Court has jurisdiction over these matters because the amount demanded herein does not exceed $25,000.00 exclusive of attorneys' fees to be awarded, and the issues complained about involve violations of Colorado state statutes, and all occurred within the boundaries of the State of Colorado. For the violations of the Federal Fair Labor Standards Act, this Court has jurisdiction pursuant to 29 U.S.C. § 216 (b).

5. Venue is appropriate because all parties reside (or have their principal place of business in) Fremont County, and because all relevant actions complained about herein occurred within Fremont County, Colorado.

6. Prior to July 30, 2020, Plaintiff was employed by Defendant FBC.

7. During Plaintiff's employment with Defendant FBC, Defendant Prahl was her supervisor and made all employment decisions on behalf of Defendant FBC.

8. On or about July 30, 2020, Plaintiff had a conversation with Defendant Prahl wherein she filed a verbal complaint expressing concerns that the Defendants were not paying employees the appropriate minimum wage.

9. As of July 30, 2020, Defendants were not, in fact, paying their employees the appropriate minimum wage.

10. In direct response to, and in retaliation for, Plaintiff's expression of her concerns, Defendant Prahl terminated Plaintiff's employment with Defendant FBC on the same day she expressed those concerns, July 30, 2020.

11. As a result of Plaintiff's termination, she was unemployed from July 30, 2020 to September 22, 2020.

**First Cause of Action – Colorado Wage Act Retaliation**

12. Plaintiff incorporates all prior paragraphs of this Complaint as if fully restated herein.

13. C.R.S. § 8-4-120 provides, in relevant part, "No employer shall intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against any employee who has filed any complaint or instituted or caused to be instituted any proceeding under this article or related law…."

14. Plaintiff filed a complaint with the Defendants indicating that she did not believe Defendants were complying with the Colorado Wage Act, Article 4 of Title 8, C.R.S.

15. Defendants are both an "employer" pursuant to the Colorado Wage Act. C.R.S. § 8-4-101 (6).

16. By terminating Plaintiff's employment as a result of her complaining about Defendant's violations of the Wage Act, Defendants have discharged and otherwise discriminated against Plaintiff illegally.

17. Defendants are in violation of C.R.S. § 8-4-120.

18. Plaintiff has suffered damages in the form of back pay and/or front pay as a result of Defendants' Wage Act violation[1].

---

[1] Plaintiff is seeking reimbursement of amounts underpaid while employed by the Defendants in a separate administrative action being pursued by the Colorado Department of Labor and Employment, Division of Labor Standards and Statistics. Nothing in this suit should be interpreted as an attempt to collect any amounts that are currently being adjudicated in that action; the present action only involves damages for Plaintiff's wrongful termination in retaliation for bringing such claims.

19. Defendants are jointly and severally liable to Plaintiff for such damages.

20. Plaintiff is entitled to her attorneys' fees pursuant to C.R.S. § 8-4-110 (1).

**Second Cause of Action – FLSA Retaliation Claims**

21. Plaintiff incorporates all prior paragraphs of this Complaint as if fully restated herein.

22. Under Colorado law, when both Colorado law and Federal law apply, "the law providing greater protection or setting the higher standard shall apply." Colorado Overtime and Minimum Pay Standards Order (COMPS Order) #36, 7 C.C.R. 1103-1 § 8.6.

23. Federal law prohibits retaliation for exertion of one's rights to receive the appropriate minimum wage. 29 U.S.C. § 215 (a) (3) ("it shall be unlawful for any person … to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter….").

24. Plaintiff filed a complaint with the Defendants indicating that she did not believe Defendants were complying with the law regarding minimum wage.

25. Defendants are both an "employer" pursuant to the Fair Labor Standards Act. 29 U.S.C. § 203 (d).

26. By terminating Plaintiff's employment as a result of her complaining about Defendant's violations of minimum wage laws, Defendants have discharged and otherwise discriminated against Plaintiff illegally.

27. Defendants are in violation of 29 U.S.C. § 215 (a) (3).

28. Pursuant to 29 U.S.C. § 216 (b), Defendants are liable to Plaintiff for wages lost, and an additional equal amount as liquidated damages. The same section further provides that Plaintiff is entitled to her attorneys' fees and costs for bringing this action.

**Third Claim for Relief – Wrongful Discharge in Violation of Public Policy**

29. Plaintiff incorporates all prior paragraphs of this Complaint as if fully restated herein.

30. During the course of her employment Plaintiff exercised her right to object to an unfair work practice because she had a right to exercise her right as a worker under both Colorado and Federal wage law.

31. The Defendants were aware or reasonably should have been aware that Plaintiff had a right to exercise her right as a worker under both Colorado and Federal wage law.

32. The Defendants discharged the Plaintiff because the Plaintiff exercised this right in objecting to the illegal pay practices of Defendants.

33. The Plaintiff has suffered damages as a result of such wrongful discharge, and Defendants are liable for such damages.

WHEREFORE, the Plaintiff requests the following relief:

A. Damages for wrongful retaliatory termination of employment as outlined herein;

B. Liquidated damages under the FLSA in an amount equal to the amount of wages lost;

C. Attorneys' fees;

D. Costs;

E. Interest;

F. And such other and further relief as the Court may determine appropriate.

Date: December 7, 2020


 /s/ Daniel B. Slater
Daniel B. Slater, Attorney at Law

In accordance with C.R.C.C.C.P. 305.5, a printed copy of this document with original signatures is maintained at The Law Office of Dan Slater, and will be made available for inspection by other parties or the Court upon request.